ROBERT L. BLAND, Judge.
In this case claimant P. O. Higginbotham seeks an award *92 against the state road commission in the sum of $2000.00. His claim arises out of a state highway relocation project in Kanawha county, West Virginia.
Claimant is the owner of an aggregate of about one hundred and twenty-five acres of land situate on the waters of Allen’s Fork of Poca River, in Poca district of said county of Kanawha.
In the immediate neighborhood of claimant’s farm the said Allen’s Fork of Poca River runs in a general north and south direction. His farm lies on both sides of said creek. His residence is on the east side of the creek and his barn and a large part of his farming land on the west side of said creek.
For many years there has been a public road running and extending in a general north and south direction up and along Allen’s Fork of Poca River connecting state route No. 21 and state route No. 34, and which road ran through claimant’s farm and along and adjacent to the said Allen’s Fork branch and on the east side thereof.
It was proved upon the hearing that claimant formerly had a good and ample means of ingress from this public road across Allen’s Fork branch to and from his barn and farm, which are on the west side of said Allen’s Fork branch and that said roadway and means of access was used constantly by him.
Deeming it necessary and expedient to widen, repair, build and pave the old road, the state road commission, in 1950, obtained a number of options from landowners along the route of the old road for right-of-way purposes.
On July 17, 1950, respondent obtained from claimant an option in writing to purchase a parcel of land shown on state road project No. 8574-(1), in Kanawha county. This option was to be of no effect unless exercised within six months. The evidence in the case fails to show that any notice of acceptance was given to claimant. However, a witness for the state did testify that respondent exercised the option “by taking posses *93 sion and entering upon the land.” It seems to have caused much misunderstanding and confusion as to what respondent should do if it purchased the land. No deed from claimant to the state has ever been made and the road commission has no record title to the land actually taken and used by it for right-of-way purposes.
The road commission filled in so much of the creek as had theretofore run on the route of the old road and pushed the channel ‘over on claimant’s land. A new channel was created. A large fill was made on the east side of said channel. At the point where claimant formerly had convenient access for many years to the road and from the road to his farm to his barn on the west side of the creek the newly built fill has entirely destroyed such access. Fill all along the west side of the road is from seven to eight feet in height and renders all vehicular travel from the road to claimant’s land and barn prohibitive. Whereas claimant formerly had and enjoyed convenient and easy access, such access by reason of the newly made fills in the road has been rendered impossible.
One witness for the state testifed that a crossing could be made for one hundred dollars, while several witnesses for the claimant testified that it would cost one thousand dollars to provide claimant with necessary access.
The members of the court visited the land of claimant and had an opportunity to see and inspect the high fills made by the road commission.
There can be no question about the fact that by reason of the destruction of claimant’s access and the impossibility of driving over the huge fill, that he has sustained manifest damages which might easily have been prevented by the road commission- after making the fills.
The constitution of West Virginia provides that property may not be taken or damaged without compensation. Our Supreme *94 Court of Appeals, in the case of Peddicord v. County Court, 121 W. Va., 270, says:
“Where the grade of a road is changed, resulting in damages to abutting property in its natural state, the owner thereof is entitled to compensation. * * *”
In making the fills on the road the state road commissioner acted within the lawful exercise of the power and authority vested in him by statute, but was in duty bound to provide reasonable access for claimant. This he has not done.
The claimant has shown himself entitled to an award.
An award is, therefore, made in favor of claimant P. O. Hig-ginbotham for the sum of six hundred dollars ($600.00).